128 July 1, 2026 No. 601

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

BRANDON FORREST SACKETT,
*Defendant-Appellant.*

Lane County Circuit Court
20CR56130, 21CR34594; A186411 (Control), A186412

Debra K. Vogt, Judge.

Submitted May 8, 2026.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Stephanie J. Hortsch, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Paul L. Smith, Solicitor General, and Patricia G. Rincon, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Chief Judge, and Egan, Judge.*

LAGESEN, C. J.

Reversed and remanded.

_____

\* Determined by a two-judge department as authorized by ORS 2.570(2)(b).

**LAGESEN, C. J.**

In this consolidated appeal, defendant contends, and the state concedes, that the trial court erred in finding that he failed to participate in substance abuse treatment and revoking his probation on that basis. We agree with the parties that the court erred and, accordingly, reverse and remand the judgments revoking defendant's probation.

Defendant was sentenced to 36 months' probation after he pleaded guilty to three property crimes in two cases. As a condition of his probation, defendant was required to "[p]articipate in a substance abuse evaluation as directed by the supervising officer and follow the recommendations of the evaluator." The trial court issued orders to show cause based on the allegation that defendant "[f]ailed to participate in substance abuse evaluation and treatment." After a hearing, the court found that the state met its burden and revoked defendant's probation in both cases.

On appeal, defendant argues that, under *State v. Chapman*, 345 Or App 9, 582 P3d 266 (2025), to "participate" in substance abuse evaluation and treatment requires only "some level of taking part, attending, or engaging," rather than requiring success in or completion of a program, *id.* at 14-15, and that the trial court erroneously concluded that he failed to participate in substance abuse treatment when the record reflects that he completed one substance abuse treatment program and later participated in, but failed to complete, a second round of treatment in the same program. The state agrees that the record reflects that defendant attended and engaged in treatment and correctly concedes that *Chapman* establishes that the trial court erred in finding that defendant failed to participate in treatment as alleged in the orders to show cause. As noted, we agree with and accept the state's concession, and, accordingly, reverse the judgments revoking defendant's probation in Case Nos. 20CR56130 and 21CR34594.

Reversed and remanded.